### In re Cynthia Ann LIDDELL, Debtor.

### Bankruptcy No. BK–S–282–03903–W–11.

United States Bankruptcy Court,
E.D. California.

March 1, 1985.

Jerrold B. Braunstein, Sacramento, for debtor.

## ORDER DENYING APPLICATION FOR ATTORNEY FEES NUNC PRO TUNC

ROBERT E. WOODWARD, Bankruptcy Judge.

It appears to be a growing trend by courts to circumvent obvious legislative direction in a manner that a football coach might like to adopt. It starts with a lateral pass. Since the lateral is not a straight forward play [the Congressional act], the

Court would use the term nunc pro tunc instead of lateral. Such a procedure is all right in football but is improper in the law and leads to a breakdown of what is intended to be an orderly process.

This court has, at present, nine cases under submission wherein attorneys seek nunc pro tunc orders to justify their employment in violation of the clear congressional mandate that the application for employment of professional persons in bankruptcy matters must be made and approved prior to their undertaking. In each instance the reason for the failure to file the timely application for employment was inadvertence.

Is this sufficient excuse to justify the negation of the obvious congressional intent which has been in effect from the days of General Order No. 44 by boot strap judicial legislation through the use of the magic words "nunc pro tunc"?

It is almost humorous to see the lengths that attorneys and various courts have used to justify this impropriety. The epitomy of the herculean efforts used to get around the simple application timely made for employment of professionals in bankruptcy matters is the June, 1984 *Bankruptcy Service Current Awareness Alert* entitled "Special Report: How to Get Paid for Professional Services Rendered Without Prior Court Approval", which goes on for five plus pages as a manifesto to circumvent the requirement. Such efforts indicate that there must be a subconscious belief that Congress meant what it said in requiring prior approval in bankruptcy matters before attorneys fees would be approved.

Being in the 9th Circuit, this court, of course, must look to the 9th Circuit Court of Appeals for guidance. The only case cited as authority for granting the nunc pro tunc order herein is *In the Matter of Laurent Watch Company, Inc.*, 539 F.2d 1231 (9th Cir.1976) but even it is not much comfort. In essence the majority of the Court indicate that a nunc pro tunc order would not be forbidden in a proper case and remanded the case to consider its propriety. The dissent was much more specific and applauded strict requirement. Judge Sneed stated on page 1232 of the decision: "Sometimes their application may appear harsh but this appearance is due in no small measure to the fact that the celerity and orderliness resulting from almost universal compliance is not visible to us when we come to consider the plight of one 'who missed the train.' Our invocation of the magic of 'nunc pro tunc' assists the stranded passenger before us at the expense of all who must ride in the future. By reason of our decision they know not when their next train departs". And on page 1233, he states as follows: "Nunc pro tunc is an incantation to permit the correction of yesterday's oversight, not yesterday's failure on the part of experienced counsel to abide by plain and unambiguous rules." See also the opinion of Bankruptcy Judge Young, *In the Matter of Bear Lake West, Inc.*, 32 B.R. 272 (Bankr.Id.1983) and the opinion of Bankruptcy Judge Steiner, *In re New England Fish Company*, 33 B.R. 413 (Bankr.Wash.1983). To the same effect is this court's order denying attorney's fees by the Honorable Loren S. Dahl, filed October 1, 1984, *In re Jack A. Smith and Nancy Smith*, No. 284-00682-D-11.

The great majority of attorneys apparently do not find the requirement of prior approval to enable them to seek professional fees from a bankruptcy estate to be a hardship. Those that feel the congressional requirement to be abusive or unnecessary and that therefore the law is "bad" should remember the old saw that the best way to get rid of an abusive law is to strictly enforce it.

This court, for the reasons indicated, has no legislative ambitions and believes that the requirement sought to be avoided herein through the use of a nunc pro tunc order should not be permitted.

But isn't the same result reached by the definition of the term itself?

"The function of an order nunc pro tunc is to record an order actually made, which, through some oversight or inadvertence, was never entered on the

records of the court, or which was incorrectly entered. An order nunc pro tunc cannot do more than supply a record of something that was actually done at the time to which it is retroactive." 56 Am. Jur.2d *Motions, Rules and Orders* § 44 (1971). See also opinion of Judge A. Thomas Small, In re Carolina Sales Corp., 12BCD666.

There being no prior order, there is no foundation upon which an order nunc pro tunc can rest.

However, upon request, the Court will consider the granting of an application for professional services rendered after the date of the application.

IT IS THEREFORE ORDERED that the Application for a nunc pro tunc order appointing counsel be, and the same is, hereby denied.