**In re WILLAMETTE TIMBER SYSTEMS, INC. an Oregon corporation, Debtor.**

**Bankruptcy No. 682-08129.**

United States Bankruptcy Court, D. Oregon.

Oct. 30, 1985.

**486**

A.J. Giustina, Eugene, Or., for debtors.

Gordon C. York, Inc., Eugene, Or., Trustee.

Robert Smejkal, Eugene, Or., for trustee.

## MEMORANDUM OPINION

POLLY S. WILHARDT, Bankruptcy Judge.

A Chapter 7 trustee's objection to an application for attorney's fees filed by the attorney for the former debtor-in-possession raises two issues which are addressed by a written Oregon bankruptcy court opinion for the first time.

First, should the court allow such fees as an administrative expense to be paid by a Chapter 7 trustee of a case converted from a Chapter 11 proceeding when the applicant has not filed a formal proof of claim in the Chapter 7 proceeding and his fee application was not filed within the 60 day period established by Bankruptcy Rule 1019(7)?

Second, does the bankruptcy court have the power to enter orders with retroactive effect appointing professionals under 11 U.S.C. § 327?

Willamette Timber Systems, Inc., filed a Chapter 11 proceeding on November 4, 1982. Its longstanding attorney, James Guistina, continued to represent it during the bankruptcy proceedings. His retention as attorney for the debtor-in-possession was approved by court order dated February 11, 1983. Mr. Guistina was very active in the Chapter 11 proceedings and rendered valuable services to the estate during that period. After conversion of the case to a Chapter 7 proceeding he continued to provide the trustee with information and assistance.

On December 3, 1984 after conversion of the case to Chapter 7, this court entered an order pursuant to Bankruptcy Rule 1019(7) requiring all post petition Chapter 11 creditors of the debtor to file their proofs of claim within 60 days of the order date. The bankruptcy court sent this order to all parties listed in the report required by Bankruptcy Rule 1019(6), which had been filed by the debtor. The debtor's attorney received a copy of this order.

Mr. Guistina did not file and has not to date filed a proof of claim in the Chapter 7 proceeding. On March 20, 1985 he filed an application for attorney's fees for services provided the debtor-in-possession and debtor from October 19, 1982 through April 16, 1985. The trustee objected to payment of any fees to Mr. Guistina as he had failed to file a proof of claim in the Chapter 7 proceeding. He further objected to payment for services to Mr. Guistina rendered to the debtor-in-possession prior to entry of the court order approving his employment. Last, the trustee challenged the reasonableness of Mr. Guistina's fee request. He asserts the fees are excessive in relation to the benefit the services rendered the estate.

Bankruptcy Rule 1019 controls various aspects of the procedure when a Chapter 11 case is converted to a Chapter 7 case. Subsection (7) gives "entities" holding debts which arose after the Chapter 11 proceeding was filed 60 days from the entry of the order noticing the claims period to file proofs of claim pursuant to Bankruptcy Rule 3001(a)—(d). The "entities" to which that subsection refers are those listed in the debtor's schedule of unpaid debts which subsection (6) requires he file following conversion.

Nothing in either subsection suggests that the list of debts incurred or creditors so named is other than all-inclusive. Indeed completeness and accuracy is imperative if the clerk is then to notify all interested parties of their opportunity to file

claims. The court must assume that if on conversion the debtor-in-possession's attorney has accrued but unpaid fees his name would appear on the required schedule. He, like all other post-petition creditors of the estate so listed, is then required to file a timely proof of claim under Bankruptcy Rule 1019(7).

This court believes if the attorney fails to file such formal proof of claim but rather files an application for attorney's fees the latter will suffice as an informal proof of claim within the guidelines set forth in *In re Basche-Sage Hardware Co.*, 56 B.R. 3 (Bankr.D.Or.1985). Such an application necessarily gives notice to the court and interested parties of the creditor's claim on estate property, its amount and the basis for the claim, and the application is signed by the claimant.

Mr. Guistina did not file his application within the 60 day period set out in the court's order of December 3, 1984. Bankruptcy Rule 3002(c) and 9006(b)(3) when read together clearly enunciate a policy that under the circumstances described in Rule 3002(c) the court, unless the facts fall within a listed exception of 3002(c), may not extend the period for filing a proof of claim. A careful reading of Bankruptcy Rule 3002(c) reveals to this court that that rule has no application to time limits set forth for proofs of claim to be filed by post-petition creditors on conversion of a case to Chapter 7. If it were to apply in such instance its provision establishing a 90 day period for filing proofs of claim from the date of the first meeting of creditors would directly conflict with the requirements of Bankruptcy Rule 1019(7).

This court notes neither Bankruptcy Rule 9006(b)(2) nor (3) applies to Bankruptcy Rule 1019(7). Thus, under Bankruptcy Rule 9006(b)(1) this court, on motion, for cause, may allow enlargement of the 60 day period for filing claims described in Bankruptcy Rule 1019(7).

Mr. Guistina did not formally move this court for an order extending such time period so that his fee application might be considered a timely filed claim as required by Bankruptcy Rule 9006(b)(1). This court sees no prejudice to interested parties in this case in treating the application as a motion for enlargement of time. The trustee has always known of this attorney's involvement in the case. His fee application has surprised no one. Additionally, the application was not filed so late as to inconvenience or confuse the Chapter 7 trustee in its preparation of its final accounting in anticipation of the closing of the estate.

This court notes pursuant to Bankruptcy Rule 9006(b)(1) motions made after the expiration of the relevant time period will be granted upon a showing of excuseable neglect. Mr. Guistina has made no such showing. Only with this opinion, however, do bankruptcy courts in Oregon determine that the requirements of Bankruptcy Rule 1019(7) apply to professionals appointed earlier in the case by the court as well as other post-petition creditors. Many professionals, knowing they must, in any event, apply under § 330 for court approval of fees, have reasonably assumed such application provided notice of their claim in the estate and no additional filing was required. No time limits for such application are established by § 330. Taking this into consideration this court finds a basis for excuseable neglect and shall treat Mr. Guistina's application as a timely filed proof of claim.

All future fee applications by professionals shall not receive such understanding treatment by this court. If the professional's application or proof of claim is not to be timely filed after conversion, this court henceforth will require the provisions of Bankruptcy Rule 9006(b)(1) to be met with appropriate documentation to support the separate motion called for therein.

Under the Bankruptcy Act and the Bankruptcy Code, and rules and case law interpreting both, it is clear that a professional cannot recover fees for services rendered the estate if he has not been authorized to so serve by a court order. *In re Hydrocarbon Chemicals, Inc.*, 411 F.2d 203, 205 (3rd

Cir.1969), *cert. denied,* 396 U.S. 823, 90 S.Ct. 66, 24 L.Ed.2d 74 (1969); *In re Schatz Federal Bearings Co.,* 17 B.R. 780, 783 (Bankr.S.D.N.Y.1982); *In re Futuronics Corp.,* 5 B.R. 489, 495 (Bankr.S.D.N.Y. 1980). The Ninth Circuit, although agreeing with the general rule, *Beecher v. Leavenworth State Bank,* 184 F.2d 498, 501 (9th Cir.1950), has softened its harshness by allowing a court, under certain limited circumstances, to enter an order *nunc pro tunc* for appointment. *In re Laurent Watch Co.,* 539 F.2d 1231, 1232 (9th Cir. 1976).

Although the majority opinion in *Laurent Watch* states the referee had made findings as required by General Order 44 *prior to* the applicant rendering services to the estate, thus allowing the entry of an order *nunc pro tunc* to correctly reflect the record, Judge Sneed's dissent in the case suggests otherwise. He indicates the court is simply authorizing the referee to retroactively appoint a professional to alleviate a hardship.

Subsequently published Ninth Circuit bankruptcy court opinions which have addressed the issue of the extent of court authority to grant retroactively effective orders to appoint professionals have reached differing conclusions after analysis of *Laurent Watch. In re Liddell,* 46 B.R. 682 (Bankr.E.D.Cal.1985); *In re Guy Apple Masonry Contractor, Inc.,* 45 B.R. 160 (Bankr.D.Ariz.1984); *In re New England Fish Co.,* 33 B.R. 413, 420 (Bankr.W.D. Wash.1983); *In re Bear Lake West, Inc.,* 32 B.R. 272, 276 (Bankr.D.Idaho 1983); *Frankfurth v. Cummins, (In re Cummins* ), 8 B.R. 701 (Bankr.C.D.Cal.1981).

The purpose of the rule requiring prior court authorization of a professional's appointment is to eliminate volunteerism and thus aid the court in controlling estate administrative expenses. *In re Owl Drug Co.,* 16 F.Supp. 139, 148 (D.Nev.1936).

This court is very concerned about the number of requests from professionals it has received over the last two years for entry of orders with retroactive effect authorizing their employment. Without exception their failure to obtain prior court approval of their appointment was the result of ignorance of the legal requirements or oversight. But, this court has not seen any pattern of professional "volunteerism." On the contrary, it has been this court's experience that many professionals have no desire to do work in connection with bankruptcy estates because the system results in delays in receipt of compensation. If this court were to apply the harsh rule that no compensation would ever be allowed without prior court appointment, it would be exacerbating this sad situation.

The court can maintain control over administrative costs when reviewing fee applications. Although this court is prepared to exercise what it perceives as its equitable power to execute orders which have retroactive effect for appointment of professional persons, those instances will be rare indeed. *Fanelli v. Hensley, (In re Triangle Chemicals, Inc.),* 697 F.2d 1280, 10 Bankr.Ct.Dec. (CRR) 325 (5th Cir.1983). The applicant will have a heavy burden of persuasion.

■ Because the issuance of orders with retroactive effect appointing professionals lies within the discretion of the court, this court believes it would be useful to both court and professionals to establish certain criteria which must be demonstrated before the court will consider an application for this relief. Such criteria have previously been enunciated by Judge Lundin in *In re Twinton Properties Partnership,* 27 B.R. 817, 819 (Bankr.M.D.Tenn.1983).

They are:

1. The debtor, trustee or committee expressly contracted with the professional person to perform the services which were thereafter rendered;

2. The party for whom the work was performed approves the entry of the *nunc pro tunc* order;

3. The applicant has provided notice of the application to creditors and parties in interest and has provided an opportunity for filing objections;

4. No creditor or party in interest offers reasonable objection to the entry of the *nunc pro tunc* order;

5. The professional satisfied all the criteria for employment pursuant to 11 U.S.C.A. § 327 (West 1979) and Rule 215 [now 2014(a)] of the Federal Rules of Bankruptcy Procedure at or before the time services were actually commenced and remained qualified during the period for which services were provided;

6. The work was performed properly, efficiently, and to a high standard of quality;

7. No actual or potential prejudice will inure to the estate or other parties in interest;

8. The applicant's failure to seek pre-employment approval is satisfactorily explained; and

9. The applicant exhibits no pattern of inattention or negligence in soliciting judicial approval for the employment of professionals.

This court adopts these criteria, each of which the applicant must demonstrate by clear and convincing evidence.

■ In this proceeding the court file contains no indication the judge had made any findings regarding the appropriateness of Mr. Guistina's employment prior to the entry of the court's order appointing him on February 11, 1983. The applicant has failed to satisfactorily explain his failure to seek pre-employment approval. This court believes any professional who choses to practice as an attorney for the debtor in the bankruptcy court is charged with knowledge of the bankruptcy law, including the requirements of 11 U.S.C. § 327 and Bankruptcy Rule 2014(a). This court will not enter an order authorizing Mr. Guistina's employment from November 4, 1982 to February 11, 1983; thus, this court will not approve fees for that period.

■ This court is reducing the fees requested by an additional $3,000. At the hearing on this matter, Mr. Guistina admitted although he expended much time and effort on a lawsuit against the United States Department of Agriculture, the case was lost and the estate did not benefit in any way from that litigation. In determin-

ing fee applications this court must take into consideration whether the services at all benefited the estate. *In re Rhoten*, 44 B.R. 741 (Bankr.M.D.Tenn.1984); *In re Casco Bay Lines, Inc.*, 25 B.R. 747 (1st Cir.1982). Mr. Guistina has not stated in his fee application the total hours he spent on that particular activity, as he is required to do by Oregon General Order 85–8. This court has estimated an expenditure of $3,000 toward litigation of the unsuccessful lawsuit.

This Memorandum Opinion contains the court's findings of fact and conclusions of law and pursuant to Bankruptcy Rule 9014, which incorporates Rule 7052, they will not be separately stated.

An order consistent herewith will be entered.