**In re CREST MIRROR AND DOOR COMPANY, INC., Debtor(s).**

**BAP No. EC 85–1180 EAsAb.**

**Bankruptcy No. 285–00637–W–11.**

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Argued and Submitted Oct. 17, 1985.

Decided Feb. 21, 1986.

Whitney, Rimel, Rogge, Felderstein, Rosenberg & McManus, Sacramento, Cal., for appellant(s).

Before ELLIOTT, ASHLAND and ABRAHAMS, Bankruptcy Judges.

### PER CURIAM:

Crest Mirror and Door Company, the debtor in possession, appeals an order denying its application to employ and pay a retainer to the Greeley Consultant Group, a financial consulting service.

This appeal raises two issues. May the bankruptcy court require a noticed hearing on an application to employ a professional under 11 U.S.C. § 327(a)? Does 11 U.S.C. § 327(a) permit the bankruptcy court to approve retroactively the employment of a professional, and if it does, did the court properly exercise its discretion? The bankruptcy court's decisions regarding these issues are conclusions of law which we review *de novo*. *See, e.g., In re Pizza of Hawaii, Inc.*, 761 F.2d 1374, 1377 (9th Cir. 1985).

We affirm the bankruptcy court's decision to require a noticed hearing on the application and reverse the order refusing to approve the employment of Greeley.

### BACKGROUND

Crest filed its petition for relief under Chapter 11 on February 20, 1985. Commencing that day Robert Greeley of the Greeley Consultant Group assumed primary responsibility for Crest's financial operations. Crest's controller had stepped down sometime in 1984.

Between the inception of the case and the sale of Crest's assets on March 7, 1985, Greeley performed a wide range of services which helped keep the debtor operating. Greeley's efforts also led to the sale of Crest's assets as a going concern for $1,550,000, substantially more than the $600,000 liquidation appraisal of Crest's assets.

On March 7, 1985 Crest filed its application to employ Greeley "to assist it in selling its business as a going concern and in operating its business as a Debtor-in-Possession, pending such sale." No specific date of employment was requested. The application noted that Greeley holds a bachelor's degree in finance and a master's degree in business administration and that he had over thirteen years of commercial banking experience, including some work with Chapter 11 debtors.

The application requested employment of Greeley calling for compensation of $65 per hour with a retainer of $13,000. Greeley's billing statement seems to indicate that Greeley received a $13,000 retainer on February 20, 1985. It is apparently the practice in the Eastern District of California for professionals to seek approval of their retainer as part of the application for their employment. Although the order appealed from does not require Greeley to return the retainer, the order appealed from is not moot because it sets the stage for an attempt to recover the retainer, and in addition, there is a small balance due Greeley.

The bankruptcy judge required Crest to give notice of the application and set it for a hearing on April 3, 1985. Creditors received notice, but none of them objected to the application. To support its application further, Crest filed three declarations. The declarations reiterate Greeley's major role in arranging the sale of Crest's assets as a going concern and the premium over liquidation which the sale generated. Greeley's declaration attached a detailed billing statement for services he performed between February 20, 1985 and April 2, 1985.

At the April 3rd hearing, counsel for Crest made it clear that they sought retro-active approval of Greeley's employment as of February 20, 1985, the date Crest filed its Chapter 11 petition.

On April 16, 1985 the bankruptcy judge, relying on his earlier decision in *In re Liddell*, 46 B.R. 682 (Bankr.E.D.Cal.1985), denied Crest's application "to employ Greeley Consultant Group as financial consultant and payment of $13,000 (Thirteen Thousand Dollars) as a retainer, effective February 20, 1985, [nunc pro tunc]...." The bankruptcy judge found that Greeley was a professional person within the meaning of the Bankruptcy Code and that, under *Liddell*, prior approval was required for its employment.

## DISCUSSION

### A. NOTICE AND HEARING

Crest asserts that the bankruptcy judge could not require a noticed hearing on its application because neither Title 11 nor the Bankruptcy Rules require those procedural safeguards. Although this argument was not presented to the bankruptcy judge, we exercise our option to address the issue. *In re Pizza of Hawaii, Inc.*, 761 F.2d at 1377.

■ Crest's initial statement of the law is correct. Neither Title 11 nor the Bankruptcy Rules expressly require a noticed hearing on an application to employ a professional under 11 U.S.C. § 327(a). However, it should require no citation of authority to state that the bankruptcy judge may require a noticed hearing of any application.

11 U.S.C. § 327(a) provides that a professional may not be employed unless he is disinterested and does not hold or represent an interest adverse to the estate. Those requirements are not exclusive. The bankruptcy judge is to exercise an informed discretion in ruling upon the application for employment. To that end the bankruptcy judge should also consider whether there is a real need for the services, whether the person proposed for employment is competent to perform the ser-

**832**

vices, and any other fact relevant to whether the proposed employment is appropriate. However, creditors and other parties in interest may be aware of, and inclined to highlight, undisclosed reasons why the professional should not be employed. "The reason for the rules relating to retention of professional personnel and the setting of their fees is to protect the estate and its creditors from unwarranted and gratuitous claims." *In re Cummins*, 15 B.R. 893, 896 (Bankr. 9th Cir.1981).

In order to make an informed decision about an employment application, it may be necessary for the judge to hear testimony or make further inquiry of counsel. Here, for example, the bankruptcy judge did not discover that Crest sought to have Greeley's employment retroactively approved until that fact came out at the hearing.

Although Crest does not argue that the bankruptcy judge abused his discretion in requiring a noticed hearing, our independent review of the record reveals no improprieties. The application was filed on March 7, 1985. The hearing was held on April 3, 1985. The judge handed down his order denying the application on April 16, 1985. Crest never requested shortened notice or an expedited ruling. These facts in no way suggest an abuse of discretion. We therefore affirm the bankruptcy judge's decision to require a hearing on Crest's application to employ Greeley.

## B. RETROACTIVE EMPLOYMENT

Crest argues that the court erred in not exercising its discretion to approve Greeley's employment as of the date Crest filed its Chapter 11 petition.

In our recent decision, *In re Kroeger Properties & Development, Inc.*, 1986, 57 B.R. 821, we held that a bankruptcy judge does have authority to approve retroactive employment of professionals under extraordinary circumstances, suggesting the following analysis set forth in *In re Twinton Properties Partnership*, 27 B.R. 817, 819–20.

1. The debtor, trustee or committee expressly contracted with the professional person to perform the services which were thereafter rendered;

2. The party for whom the work was performed approves the entry of the *nunc pro tunc* order;

3. The applicant has provided notice of the application to creditors and parties in interest and has provided an opportunity for filing objections;

4. No creditor or party in interest offers reasonable objections to the entry of the *nunc pro tunc* order;

5. The professional satisfied all the criteria for employment pursuant to 11 U.S.C.A. § 327 (West 1979) and Rule 215 [now Rule 2014] of the Federal Rules of Bankruptcy Procedure at or before the time services were actually commenced and remained qualified during the period for which services were provided;

6. The work was performed properly, efficiently, and to a high standard of quality;

7. No actual or potential prejudice will inure to the estate or other parties in interest;

8. The applicant's failure to seek preemployment approval is satisfactorily explained; and

9. The applicant exhibits no pattern of inattention or negligence in soliciting judicial approval for the employment of professionals.

See also *In re Freehold Music Center, Inc.*, 49 B.R. 293, 296 (1985) in which the court held:

The rule which must be applied therefore is one in which the Court balances the equities and exercises its discretion. It must weigh the good faith of the professional in proceeding without an order and take into account the response to information that the order has not been entered. It must further determine the emergent need for the services rendered and whether need for the services rendered and whether or not the debtors could have functioned without such services. Other factors for consideration

include a determination of whose responsibility it was to obtain authorization, the applicant's relationship with the debtors and his own sophistication in the field.

We remand this case to the bankruptcy judge for reconsideration of the application in accordance with the standards set forth herein.

■ Unless Greeley is not disinterested or is otherwise not qualified, fairness to the professional would seem to dictate an exercise of discretion in favor of approval retroactive to March 7, the date of filing the application for employment. Although we approve the requirement of a noticed hearing, the professional should not be prejudiced by the delay inherent in that procedure nor should the debtor be deprived of necessary services in the interim.

The bankruptcy judge should separately consider the application as to the period between the filing of the Chapter 11 and the date the application for employment was filed.

## CONCLUSION

For the reasons stated, we affirm the bankruptcy court's decision to require a noticed hearing on Crest's application. However, we remand the application so that the bankruptcy judge can reconsider the application for retroactive approval of Greeley's employment.

AFFIRMED IN PART; REMANDED IN PART.