**In re Vivian E. CROOK, aka Vivian Lounsbury Crook, dba Elk Creek Farms, Debtor.**

Bankruptcy No. 384–02980(11).

United States Bankruptcy Court, D. Oregon.

July 15, 1986.

Lewis W. Boies, Jr., Los Angeles, Cal., for Boies & O'Rourke.

Howard Levine of Sussman, Shank, Wapnick, Caplan & Stiles, Portland, Or., for Credit Alliance.

Brent Summers of Greene & Markley, P.C., Portland, Or., for trustee, Ronald Walquist.

## MEMORANDUM OPINION

HENRY L. HESS, Jr., Bankruptcy Judge.

This matter came before the court upon an application for an order authorizing the appointment of Boies and O'Rourke of Los Angeles, California as attorneys for the debtor in possession. The application was filed with the court on February 18, 1986. The affidavit accompanying the application indicates that Mr. Boies, of the applicant firm, was hired by the debtor in possession through her local counsel. Local counsel was representing the debtor in possession. Mr. Boies was asked to represent the debtor in possession in a dispute between the debtor in possession and one creditor. That one creditor is Credit Alliance Corporation.

The affidavit of Mr. Boies further indicates that he accepted the employment and began performing services for the debtor in possession on November 29, 1984. In addition, the affidavit indicates that Mr. Boies was told that approval had been obtained for him to represent the debtor in possession. Further, Mr. Boies testified at a hearing on this matter that he believed that local counsel for the debtor in possession had obtained court approval for Mr. Boies' representation of the debtor in possession.

The application in question implicitly seeks court approval retroactively to the date services were commenced, that is, to November 29, 1984.

In response, Credit Alliance filed a memorandum in opposition to the application. In its memorandum, Credit Alliance argues that the applicant did not seek prior court approval for employment. This, Credit Alliance argues, is required by 11 U.S.C. § 327 and Bankruptcy Rule 2014(a). Credit Alliance argues that this court may not enter orders of appointment with retroactive effect. Alternatively, Credit Alliance argues that, even if the court has the power to do so, it should exercise that power only when certain criteria have been established by clear and convincing evidence.

Therefore, it appears to the court that the following issues are presented:

1. Does the law require that attorneys for a debtor in possession have an order of the bankruptcy court approving their employment before they commence rendering services in order to be compensated from the estate therefor?

2. If so, does the court have the power to approve such employment after the fact and make the order retroactive to the date services were commenced?

3. If so, should the court, in this case, do so?

The court will deal with these issues seriatim.

### 1. Is prior court approval required?

■ There is some split of authority on the need for prior court approval of employment of professionals. In *In Re Twinton Properties Partnership,* 27 B.R. 817 (Bkrtcy.M.D.Tn.1983), the court stated:

Courts are not in agreement on whether pre-employment approval is a prerequisite to compensation under § 327. See, *e.g., In Re King Electric Co.,* 19 B.R. 660 (D.C.E.D.Va.1982) (*nunc pro tunc approval available under court's equity powers*); contra, *In Re Mork,* 19 B.R. 947, 949 (Bkrtcy.D.Minn.1982); *In Re Schatz Federal Bearings Co.,* 17 B.R.

780, 783 (Bkrtcy.S.D.N.Y.1982). *Id.,* at 819.

In fact, however, *In Re King Electric Co.,* cited by the court in *Twinton,* does not hold that pre-employment approval is unnecessary. A careful reading of *King* reveals that the court held that even if pre-employment approval is necessary, the court has the equitable power to enter an approval order with retroactive effect. See, *King,* at 663.

11 U.S.C. § 327(a) provides as follows:

§ 327. Employment of professional persons. (a) Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

Bankruptcy Rule 2014(a) provides:

(a) Application for and Order of Employment. An order approving the employment of attorneys, accountants, appraisers, auctioneers, agents, or other professional persons pursuant to § 327 or § 1103 of the Code shall be made only on application of the trustee or committee, stating the specific facts showing the necessity for the employment, the name of the person *to be employed,* the reasons for his selection, the professional services *to be rendered,* any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, or any other party in interest, their respective attorneys and accountants. (Emphasis added.)

From the emphasized language, it is apparent that the law contemplates that court approval be obtained by professionals before services are rendered. *Matter of Triangle Chemicals, Inc.,* 697 F.2d 1280 (5th Cir.1983). Accordingly, this court so holds.

2. Does the court have the power to enter employment orders with retroactive effect?

In *In Re Laurent Watch Co., Inc.,* 539 F.2d 1231 (9th Cir.1976), the Ninth Circuit Court of Appeals held, in a case decided under the Bankruptcy Act of 1898, that where the referee had made the requisite findings under then-applicable General Order 44 prior to the applicant's rendition of services, the court had the power to enter an order with retroactive effect.[1]

After *Laurent,* however, bankruptcy courts have split on the question presented in this case. In *In Re Liddell,* 46 B.R. 682 (Bkrtcy.E.D.Ca.1985), the court stated:

> This court ... believes that the requirement [of obtaining court approval] sought to be avoided herein through the use of a nunc pro tunc order should not be permitted. *Id.,* at 683.

Apparently, *Liddell* has been overruled. *In Re Crest Mirror and Door Company, Inc.,* 57 B.R. 830 (9th Cir. BAP 1986).

In *In Re Willamette Timber Systems, Inc.,* 54 B.R. 485 (Bkrtcy.D.Or.1985), however, the court held that "the issuance of orders with retroactive effect appointing professionals lies within the discretion of the court...." *Id.,* at 488.

■ This court believes *In Re Willamette Timber Systems* represents the correct interpretation of *Laurent.* Accordingly, the court holds that it has the power to enter retroactively effective orders appointing professionals.

3. Should the court exercise its power in this case?

In this regard, Credit Alliance argues that after *In Re Willamette Timber Systems, Inc., supra,* and *In Re Kroeger Properties and Development, Inc.,* 57 B.R. 821 (9th Cir. BAP 1986), the applicant must satisfy each of nine criteria by clear and convincing evidence. *Id.,* at 488–89 and 823, respectively. Those nine criteria are:

1. The debtor, trustee or committee expressly contracted with the professional person to perform the services which were thereafter rendered;

2. The party for whom the work was performed approves the entry of the nunc pro tunc order;

3. The applicant has provided notice of the application to creditors and parties in interest and has provided an opportunity for filing objections;

4. No creditor or party in interest offers reasonable objection to the entry of the nunc pro tunc order;

5. The professional satisfied all the criteria for employment pursuant to 11 U.S.C. § 327 (West 1979) and Rule 215 [now 2014(a)] of the Federal Rules of Bankruptcy Procedure at or before the time services were actually commenced and remained qualified during the period for which services were provided;

6. The work was performed properly, efficiently, and to a high standard of quality;

7. No actual or potential prejudice will inure to the estate or other parties in interest;

8. The applicant's failure to seek pre-employment approval is satisfactorily explained; and

9. The applicant exhibits no pattern of inattention or negligence in soliciting judicial approval for the employment of professionals.

Credit Alliance concedes that the first three tests have been met. Accordingly, the court expresses no opinion as to the necessity for demonstration of these tests. Credit Alliance argues, however, that each of the other tests beginning with number 4, have not been met. Accordingly, the court will consider them seriatim.

"4. No creditor or party in interest offers reasonable objection to the entry of the *nunc pro tunc* order."

■ Credit Alliance argues that it has reasonable objections to the entry of an

---

**1.** The court's use of the term "nunc pro tunc" is unfortunate. The term is not, of course, techni-cally accurate. Hence, this court has intentionally avoided using the term.

order with retroactive effect. There is no doubt that Credit Alliance has objection to the entry of such an order. In addition, whether those objections ultimately prevail or not, one cannot dispute that the objections are reasonable. The mere *existence* of reasonable objections, however, should not preclude the entry of an order where those objections are overcome. In fact, a careful reading of *Willamette Timber Systems, Twinton Properties* and *Kroeger* reveals that the inclusion of this test was merely dicta. In *Willamette Timber Systems*, the sole basis for denying the application was that the applicant failed to satisfactorily explain his failure to obtain pre-employment approval by the court. *Willamette Timber Systems, supra*, at 489. The inclusion of test number 4, therefore, was dicta. Thus, it is not entitled to stare decisis effect. *Green v. U.S.*, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957).

In *Twinton Properties*, the sole basis for the court's holding was that the applicant failed to provide notice and an opportunity for hearing on the issue. The court specifically stated that it had no evidence on the other 8 tests. *Twinton Properties, supra*, at 820.

 Similarly, in *Kroeger*, the sole basis for the court's decision was the applicant's failure to satisfactorily explain his failure to obtain pre-employment approval. Again, this court is not bound by dicta.[2]

Accordingly, although Credit Alliance has presented reasonable objection to the entry of an order with retroactive effect, the court will not deny the application on that basis.

"5. The professional satisfied all the criteria for employment pursuant to 11 U.S.C.A. § 327 (West 1979) and Rule 215 [now 2014(a)] of the Federal Rules of Bankruptcy Procedure at or before the time services were actually commenced and remained qualified during the period for which services were provided;"

 Credit Alliance argues that this test has not been met in that the applicant "has not satisfied, nor even attempted to satisfy" § 327 and Bankruptcy Rule 2014. Memorandum in Opposition to Application for Nunc Pro Tunc Order Authorizing Appointment of Boies and O'Rourke, p. 7.

A literal reading of test number 5 would require pre-employment approval. This cannot be the intent of test number 5 since the courts advocating it recognize the court's power to enter an order with retroactive effect in appropriate cases. Rather, it appears that the thrust of test number 5 is that the applicant must be *otherwise* qualified under § 327 and Bankruptcy Rule 2014.

In this case, Credit Alliance has not argued that the applicant holds an interest adverse to the estate or is otherwise "interested" as that term is used in § 327(a). Accordingly, the court concludes that the applicant is qualified under § 327. Further, the court concludes that the application and affidavit at issue substantially satisfy the requirements of Bankruptcy Rule 2014(a). Hence, test number 5, as interpreted herein, is met.

"6. The work was performed properly, efficiently, and to a high standard of quality."

 Credit Alliance argues that this test is not met. In support of its argument, Credit Alliance asserts that the applicant withheld requested discovery and then sought to introduce it at trial. The court believes that the failure to provide the requested discovery was not intentional. Further, inasmuch as the evidence was not admitted, there was no harm to the creditor. Accordingly, the court concludes this argument does not demonstrate that test number 6 has not been met.

 Additionally, on this point, Credit Alliance argues that the applicant had an

---

**2.** In addition, opinions from the Bankruptcy Appellate Panels are not binding on this court unless the case originated in this district. A Bankruptcy Appellate Panel opinion in a case which originated in California (as did *Kroeger*) is no more binding on this court than is a decision of a district court from California. See, *In Re Kao*, 52 B.R. 452, (Bkrtcy.D.Or.1985).

ex parte communication with the court by a letter dated February 12, 1986.

The letter in question was the cover letter enclosed with the application for an order approving employment and the affidavit in support thereof. Copies of the application and affidavit were sent to the attorney for Credit Alliance as well as the trustee (the debtor is no longer in possession), his attorney, the debtor's local counsel and the attorney for another interested creditor. Apparently, the cover letter was not included therein. The cover letter, however, says nothing more than that which is contained in the affidavit and application. Since copies of the application and affidavit were sent to interested parties, the court must conclude that the applicant's failure to include a copy of the cover letter was not an intentional ex parte communication. For the same reason, the court also finds that no harm resulted thereby. The subsequent hearings and this opinion amply demonstrate that Credit Alliance had a full opportunity to present its objections to the application.

Finally, it can be argued that test number 6 is more appropriately considered when the applicant seeks allowance of fees, rather than when he seeks an order of appointment with retroactive effect.

Credit Alliance has offered no other evidence that test number 6 has not been met. Therefore, even if test number 6 is an appropriate one, this court finds that the applicant has satisfied it.

"7. No actual or potential prejudice will inure to the estate or other parties in interest."

Credit Alliance argues that prejudice to the estate will necessarily follow if an order with retroactive effect is entered. There can be no doubt that, if fees are ultimately awarded to the applicant, prejudice will inure to someone. If the estate is not sufficient to satisfy claims in full, unsecured creditors will receive less if the applicant is awarded compensation. Even if the estate is fully solvent, the debtor (who then is an interested party) will receive less. Accordingly, test number 7 can never be

satisfied by an applicant. Therefore, if test number 7 must be met, a court could never enter an order with retroactive effect. (Yet, this is contrary to the apparent holdings in *Willamette Timber Systems, Twinton Properties,* and *Kroeger.*) But, as previously demonstrated the inclusion of test number 7 in those cases was dicta and not binding on this court. Accordingly, this court concludes that resultant prejudice to parties in interest will not preclude entry of an order with retroactive effect.

"8. The applicant's failure to seek preemployment approval is satisfactorily explained;"

Credit Alliance recognizes that the applicant's explanation is that he was told his employment had been approved. In a hearing on this matter, the applicant asserted that, based on this representation, he believed that the debtor in possession's local bankruptcy counsel had obtained such approval.

Since the applicant resides in southern California and the court and relevant files are located in northern Oregon, this court believes that the applicant's reliance on local bankruptcy counsel was reasonable. Therefore, the court is satisfied with the explanation. Hence, test number 8 has been satisfied.

"9. The applicant exhibits no pattern of inattention or negligence in soliciting judicial approval for the employment of professionals."

Credit Alliance finally argues that the applicant waited a year after he was advised of the lack of a prior court order before seeking one. In addition, Credit Alliance asserts that the applicant has yet to comply with Bankruptcy Rule 2014(a). This, Credit Alliance asserts, demonstrates a "pattern of inattention or negligence in soliciting judicial approval for the employment of professionals."

The court has previously ruled herein, however, that the application and affidavit satisfy Bankruptcy Rule 2014(a). Hence, the court is left with the question whether the one year delay in seeking

court approval demonstrates a pattern of inattention or negligence. Since a pattern is not established by one act, this fact alone does not suffice.

No evidence was offered by Credit Alliance to show that the applicant has acted similarly in other cases. Further, this court is not aware of any such conduct. (Even if the creditor demonstrated such a pattern, it can be argued that such a demonstration is irrelevant if the applicant has *satisfactorily* explained his failure to obtain pre-employment approval in the subject case, as required by test number 8.) Thus, the court concludes, on the basis of the evidence presented that, even if test number 9 is relevant, it has been satisfied.

In conclusion, based on the above, the court holds that the applicant is entitled to an order of this court with retroactive effect appointing him as attorney for the debtor in possession. An order to that effect has previously been entered. This opinion supplements that order dated June 16, 1986 and entered on the docket on June 17, 1986.