**In re EMCO ENTERPRISES, INC., Debtor.**

**Bankruptcy No. 287–05842–C–11. Motion Control No. BD–4**

United States Bankruptcy Court, E.D. California.

Aug. 12, 1988.

Walter Dahl, Bardwil & Dahl, Sacramento, Cal., for debtor.

Martin B. Brifman, Sacramento, Cal., for creditor's committee.

ORDER ON APPLICATION FOR INTERIM ALLOWANCE OF ATTORNEY'S FEES BY COUNSEL FOR DEBTOR

CHRISTOPHER M. KLEIN, Bankruptcy Judge.

Counsel for the debtor ("Counsel") in this chapter 11 case has applied for $18,978 interim compensation.[1]  For the reasons

---

1.  Although Counsel is a law firm, most of the   references are to the named partner in that firm

set forth below, $4,364.47 may be retained pursuant to 11 U.S.C. § 329 on the basis that it represents prepetition payment for prepetition services, which compensation does not exceed the reasonable value of such services. The application for the remaining $14,613.53 is denied for failure to demonstrate the exceptional circumstances that are necessary for a retroactive award of compensation relating to the 7.5–month period between the filing of the case and the application for employment as counsel pursuant to 11 U.S.C. § 327.

### 1. *Background.*

The debtor first consulted counsel regarding financial difficulties July 23, 1987, paying a $5,000 retainer four days later. Between then and the filing of the petition on October 14, 1987, Counsel assisted in attempting to negotiate a workout and, ultimately, in preparing for this chapter 11 case. The fees and expenses incurred during that period totaled $4,364.47.

The voluntary chapter 11 petition was filed October 14, 1987, at 3:45 p.m. The debtor had paid Counsel an additional $10,000 the same day, which payment was disclosed on the 11 U.S.C. § 329 statement that was filed with the petition. Yet, more than 7.5 months elapsed before Counsel sought court approval to act for the debtor pursuant to 11 U.S.C. § 327(a).

No application for employment of counsel was filed until June 1, 1988. That application was denied without prejudice on June 6, 1988, as procedurally defective. The renewed application was filed June 15, 1988, and was approved June 16, 1988. Counsel did not request, nor did the court authorize, retroactive effect to the appointment.

On June 22, 1988, Counsel filed the instant fee application, seeking approval for all payments made for services rendered from first contact with the debtor, nearly three months prepetition, through May 31, 1988, the day before application was made

to employ Counsel. Fees and expenses chargeable to the prepetition period, including 3.2 hours preparing the petition on October 14, 1987, total $4,364.47. The remaining $14,613.53 is for post-petition services through May 31, 1988.

Counsel did not, either in the fee application papers or at the hearing, allude to the fact that the $14,613.53 relates to a period during which Counsel did not have court approval for employment. The creditors' committee objected to the fee generally and to several items specifically, but it did not note the problem of retroactive award for services rendered without court approval. The retroactive aspect of the fee application was unearthed during a post-hearing examination of the record.

### 2. *Prepetition Services.*

■ The creditors' committee has objected to approval of the prepetition services from the $15,000 retainer on a theory that compensation is being requested for services that are beyond the scope of the retainer. Memorandum In Opposition To The Application For An Allowance Of Attorneys Fees By Counsel For The Debtor at 3. This objection is misdirected and resulted from a lack of clarity in the application.

The retainer was, in reality, two retainers. The debtor paid $5,000 in July 1987 as retainer for services to be rendered in connection with its financial difficulties, followed by an additional $10,000 retainer at the time of filing. By the time of the filing of the chapter 11 petition, only $4,364.47 of the initial $5,000 retainer had been consumed in services.[2]

With respect to the prepetition services paid for out of the $5,000 retainer, 11 U.S.C. § 329 is the governing provision. Those services were rendered at the request and direction of the client and, *a fortiori*, were within the scope of that initial retainer. Section 329 permits a court to revisit all of the debtor's transactions with attorneys during the year before the filing of the

---

who handled the matter.

**2.** The fees owed for the portion of October before the filing of the petition are being treated

as having been constructively applied against the prepetition retainer as of the time the services were rendered.

petition and order the return of any payment that was in excess of the reasonable value of the services provided.

Although Counsel does not mention 11 U.S.C. § 329 in the application, he explained at the hearing that he was merely attempting to comply with the spirit of that section and was acting out of an abundance of caution. Taken in that spirit and context, the practice is laudatory.

The statutory standard focuses on whether the prepetition compensation exceeds the reasonable value of the prepetition services. The facts of record support the conclusion that the compensation did not exceed the reasonable value of such services. There being no excessive prepetition compensation, there is no basis under 11 U.S.C. § 329 for requiring return of the payments.

### 3. *Retroactive Award of Fees.*

The only portion of the application that, strictly speaking, fits within the rubric of interim compensation is the request for compensation for services rendered between October 14, 1987, and May 31, 1988. It is uncontested that throughout the period Counsel was acting without the court's approval required by 11 U.S.C. § 327(a). Such approval was not sought until June 1, 1988. Any fee awarded would, by definition, be retroactive. The threshold issue, then, is whether this is a proper case for a retroactive fee award.

### A. Ninth Circuit Standard for Retroactive Award of Fees as Counsel.

■ The Ninth Circuit permits a retroactive award of fees for services rendered without court approval only in exceptional circumstances where an applicant can show both a satisfactory explanation for the failure to receive prior judicial approval pursuant to 11 U.S.C. § 327 and Bankruptcy Rule 2014, and that he or she has benefited the bankrupt estate in some significant manner. *In re THC Financial Corp.*, 837 F.2d 389 (9th Cir.1988) (*"THC Financial"*); *In re Laurent Watch Co., Inc.*, 539 F.2d 1231 (9th Cir.1976). The burden of proof is on the applicant to demonstrate the satis-

factory explanation and the significant benefit to the estate. The ultimate decision is within the discretion of the court.

■ Mere negligence is not sufficient to establish the requisite exceptional circumstances. *In re Downtown Investment Club III*, 89 B.R. 59 (Bankr. 9th Cir.1988); *In re Kroeger Properties & Dev., Inc.*, 57 B.R. 821 (Bankr. 9th Cir.1986). Nor is the amount of the fee requested, here $14,-613.53, anything more than a neutral factor. *In re B.E.S. Concrete, Inc.*, 93 B.R. 228, 232 (E.D.Cal.1988). It is no hardship to require that attorneys observe the strict requirements of 11 U.S.C. § 327 since lawyers are charged with knowledge of the law. *In re Downtown Investment Club III*, 86 B.R. at 217; *In re Kroeger*, 57 B.R. at 823.

The exceptional circumstances that the Ninth Circuit requires are not lightly to be divined lest it be too easy to circumvent the statutory requirement of prior approval. It is in that context that one must take the Ninth Circuit BAP's requirement that the court conduct the type of equitable balancing analysis found in *In re Twinton Properties Partnership*, 27 B.R. 817, 819–20 (M.D.Tenn.1983), or *In re Freehold Music Center, Inc.*, 49 B.R. 293, 296 (D.N.J. 1985). *In re Kroeger*, 57 B.R. at 823; *In re Crest Mirror & Door Co.*, 57 B.R. 830 (Bankr. 9th Cir.1986).

■ The Ninth Circuit, subsequent to those BAP cases, decided in *THC Financial* that the key factors are (1) a satisfactory explanation for the failure to receive prior judicial approval and (2) a benefit to the bankrupt estate in some *significant* manner. It agreed generally with the Fifth Circuit's decision in *In re Triangle Chemicals, Inc.*, 697 F.2d 1280, 1289 (5th Cir.1983). It cited *In re Twinton Properties* for the proposition that the key factors are applicable. Significantly, it also noted parenthetically that the *In re Twinton Properties* court would look to other factors as well. *In re THC Financial*, 837 F.2d at 392.

The Ninth Circuit's *THC Financial* decision and the manner in which it dealt with

*In re Twinton Properties* have an important impact narrowing the factors, to satisfactory explanation and significant benefit, that are to be taken into account when a court in this circuit decides whether there are exceptional circumstances. This diminishes or eliminates the importance of the other factors cited in *In re Twinton Properties.*[3] The net effect is to increase the role of such policies as deterrence and to emphasize that exceptional means exceptional. Since *THC Financial* establishes the law of this circuit, the earlier Ninth Circuit BAP references to *In re Twinton Properties* factors must be read in that context.

Indeed, the first post-*THC Financial* decision by the BAP on an appointment of counsel issue emphasizes the importance of deterrence and avoidance of general nonobservance of section 327. *In re Downtown Investment Club III*, 86 B.R. at 217. Although that case dealt with an attempted end-run by way of 11 U.S.C. § 503, the panel expressly relied upon its prior appointment of counsel decisions and emphasized the difficult hurdle that a late applicant must surmount. Other courts agree with this approach. *See. e.g., In re Arkansas Co.*, 798 F.2d 645, 649–50 (3rd Cir.1986); *In re Aladdin Petroleum Co.*, 85 B.R. 738 (W.D.Tex.1988).

As suggested above, deterrence is another reason for applying strict rules to implement 11 U.S.C. § 327. *In re Downtown Investment Club III*, 86 B.R. at 217; *In re Aladdin Petroleum Co.*, 85 B.R. at 740 ("If for no other reason than to discourage professionals from placing the court in the 'uncomfortable position' ..., this application should be denied."). All of these considerations coalesce to make retroactive appointments and retroactive compensation difficult to establish, i.e., exceptional.

### B. Counsel has Not Demonstrated the Exceptional Circumstances Essential to Retroactive Award.

Counsel, as noted above, has the burden of proof on a fee award. On the issue of retroactive awards in this circuit, that means that he must demonstrate exceptional circumstances, including a showing of a satisfactory explanation for the failure to receive prior judicial approval pursuant to 11 U.S.C. § 327(a) and a showing that he has benefited the bankrupt estate in some significant manner.

The problem in this instance is that Counsel has made no direct showing of explanation or benefit. Indeed, Counsel has omitted any reference whatsoever to the matter of retroactivity. The creditors' committee missed it. It eluded the court until a careful, post-hearing review of the file.

▪ I have considered and rejected the possibility of ordering, *sua sponte*, an additional hearing to give Counsel another opportunity to make a better record on the retroactivity issue. Two factors bear upon that determination. Central to both factors is the fact that the retroactivity issue is apparent to anyone who knew the date of authorization for employment, a fact peculiarly within the ken of the person who obtained the authorization. Since it is an issue that has been of considerable interest to the bankruptcy bar, Counsel, who is a specialist in bankruptcy law, must be charged with knowledge that the issue was present.

The first factor is that a permitting an attorney to supplement a defective record that goes to a threshold question of entitlement creates an incentive to omit mention of the issue unless someone raises it. Counterbalanced against that is the argument that one deserves a full and fair opportunity to make a case for fees. This necessitates a balancing based upon the facts and circumstances.

The second factor is that retroactivity is an issue that was obvious to Counsel and that he was obliged to deal with in the first instance. There can be no claim that this

---

**3.** Those factors are: services under contract; consent of party for whom work performed; notice and lack of opposition; eligible under 11 U.S.C. § 327; quality performance; no prejudice; and no pattern of inattention or negligence by counsel in seeking judicial approval for employment.

was an unanticipated issue. Demonstration of exceptional circumstances is essential to retroactive award of fees in this circuit, and the burden of proof lies upon the applicant. As such, it is more in the nature of an essential element to a prima facie case than a defensive matter that the applicant can deal with in rebuttal if someone happens to raise the question.[4]

The type of balancing that is necessary regularly occurs in trials when a plaintiff, who has omitted evidence on an essential element of the case, seeks to reopen in the face of defendant's motion to terminate under Federal Rules of Civil Procedure 41(b) or 50(a). The court has discretion to reopen. Judicial realists contend that the outcome turns upon the court's view of whether its decision would work an injustice or forfeiture. Often, such a plaintiff's omission is fatal.

In this instance, Counsel has had a full and fair opportunity to make his record on all questions of law relating to establishment of entitlement for fees. No proffered evidence has been excluded. The issue was obvious to him. Seven days after he signed the papers pertaining to appointment as counsel, he permitted his associate to file the retroactive fee application, and he personally handled the hearing.[5] He was obliged to deal with the issue in the first instance. No serious injustice or forfeiture is likely to ensue.[6] Allowing the record to be reopened would create an additional burden on the court and interested parties without any obvious benefit. Accordingly, the matter will be decided on the record in its present form.

■ The record is silent by way of direct evidence of explanation for the belated application to employ counsel. Turning to indirect evidence, there was no flurry of unusually complex emergency activity at the inception of the case. Only 9.6 billable hours are claimed from the time of filing on October 14 through October 31. November and December had 1.3 and 7.3 billable hours, respectively. Counsel seems to have been aware of 11 U.S.C. § 327 because, on December 21, 1987, he discussed with his client an application for approval of special counsel (none was filed). No other special circumstance seem pertinent. Accordingly, I infer that the explanation must be inadvertence, negligence, or oversight. That does not constitute a satisfactory explanation. *See In re THC Financial Corp.*, 837 F.2d at 389–92; *In re Downtown Investment Club III*, 86 B.R. at 213–19.

■ Evidence that Counsel benefited the estate in some significant manner is not obvious. Mere representation is a routine benefit that is short of "significant." There was a very significant benefit derived from a cash collateral order that was negotiated with debtor's master secured creditor, Bank of America. Without that order, this reorganization would promptly have degenerated into a liquidation. It appears, however, that Counsel was merely peripheral to that negotiation. The necessary papers were produced by the bank's counsel, Nicholas De Lancie, not by Counsel for the debtor.

Most of the services in question were performed during February, March, and April 1988 in preparation for an April 14 hearing on two motions: (1) a creditor motion for appointment of a trustee; and (2) a

---

**4.** Failure of a party in interest to notice the retroactivity issue, especially where the moving papers do not suggest the existence of the issue, is not an exceptional circumstance that justifies an otherwise impermissible award. *In re THC Financial Corp.*, 837 F.2d 389 (9th Cir.1988).

**5.** The relevant portion of the application papers stated that on October 14, 1987, the debtor filed a voluntary petition for relief under chapter 11, that the debtor remains in possession, and that "[s]ubsequent to the filing of the Chapter 11 case, [Counsel] was appointed as counsel for Debtor by way of order of this court." Counsel omitted, either in the papers or during the hear-

ing, any reference to the 7.5–month gap between the filing and the request for authority to hire Counsel. It is noted that Counsel's fee applications in other cases do disclose the date of appointment as counsel.

**6.** I have carefully perused the record looking for indicia of extraordinary circumstances. Finding none, it seems unlikely that reopening the record would change the outcome. If I have missed something important, relief is available pursuant to Federal Rules of Civil Procedure 59 and 60 (Bankruptcy Rules 9023 and 9024).

motion to authorize post-petition borrowing. No trustee was appointed, and the post-petition borrowing was authorized. The transcript of that hearing reflects that the dispositive factor in the decision on both motions was the cogent argument by Mr. De Lancie that the best interests of creditors would be served by allowing the debtor to remain in possession, an argument that was substantiated with the bank's willingness to be subordinated to the proposed borrowing. Counsel's performance made little difference and cannot be said to have conferred a significant benefit.

The remainder of Counsel's efforts related to preparing a plan and disclosure statement. Since the disclosure statement has not yet been approved, despite two recent hearings, the benefit of that effort remains to be seen and is not "significant" for purposes of a retroactive award of fees.

No other special factors appear in the record to suggest some other "significant" benefit was conferred. Accordingly, no exceptional circumstances having been shown, retroactive fees are not approved.

The Application For Interim Allowance Of Attorney's Fees By Counsel For Debtor is DENIED.