**In re GULF USA CORPORATION,
Debtor.**

**Bankruptcy No. 93–02987.**

United States Bankruptcy Court,
D. Idaho.

Aug. 12, 1994.

Randall A. Peterman, Elam & Burke, Boise, ID, for debtor.

Gary L. McClendon, Office of U.S. Trustee, Boise, ID.

J. Ford Elsaesser, Elsaesser, Jarzabek & Buchanan, Sandpoint, ID, and Daryle L. Uphoff, Lindquist & Vennum, Minneapolis, MN, for Official Unsecured Creditors Committee.

Terry L. Myers, Givens, Pursley & Huntley, Boise, ID, and Lowell Finley, Altshuler, Berzon, Nussbaum, Berzon & Rubin, San Francisco, CA, for Official Retirees' Committee.

Raymond C. Givens, Givens & Funke, Coeur d'Alene, ID, for Coeur d'Alene Tribe.

Celeste Miller, Asst. U.S. Atty., Boise, ID, and Peter R. Mounsey, Sr. Counsel, Denver, CO, for U.S. Dept. of Justice.

Ted Yackulic, Asst. Regional Counsel, Seattle, WA, for E.P.A.

## MEMORANDUM OF DECISION

ALFRED C. HAGAN, Bankruptcy Judge.

Presently before the Court is the application Lindquist and Vennum, and Elsaesser, Jarzabek & Buchanan, ("Elsaesser"), attorneys for the Official Unsecured Creditors Committee, for an order authorizing the payment of fees and costs pursuant to 11 U.S.C. § 331.

### I.

### BACKGROUND

The Official Unsecured Creditor's Committee's ("Creditors Committee") employment of Lindquist and Vennum was approved on January 19, 1994. An order approving the employment of Elsaesser as co-counsel to the Creditors Committee was entered on March 1, 1994.

Elsaesser has requested interim fees in the amount of $8,866.50 and reimbursement of expenses in the amount of $246.35. No objection has been made to the application for payment of interim fees and expenses of Elsaesser.

The services for which Lindquist and Vennum requests interim compensation fall into two categories. The first category request payment for services related to the representation of the Creditors Committee in this proceeding. For these services, Lindquist and Vennum request $64,955.62 interim fees and $17,235.07 reimbursement of expenses. No objection has been made to the allowance of these fees and expenses.

The second category involves services related to the investigation of claims that should be asserted by the debtor against its former directors and officers and the drafting of a complaint against such officers and directors. These services were performed post-petition by Lindquist and Vennum on behalf of the debtor in possession. Lindquist and Vennum request interim payment of $102,420.25 in fees and $4,902.91 for reimbursement of expenses for these services.

The Retiree's Committee and the debtor object to this portion of the fee application on the grounds the amount of the fees is unreasonable. The objectors contend Lindquist and Vennum agreed with the debtor to cap the fees for this work at $25,000.

Lindquist and Vennum denies the amount of the fees is unreasonable or that it agreed with the debtor to cap the fees. It is not possible for the Court to determine the reasonableness of the amount of the fees at this time because Lindquist and Vennum have deleted all description of these services from their billing statement on the grounds such information is privileged "work product." The complaint was drafted under time pressure because of an insurance deadline. However, the debtor in possession later paid the insurance company a fee to extend the deadline. The complaint drafted by Lindquist and Vennum has never been filed.

Although Lindquist and Vennum negotiated various possible fee agreements with the debtor in possession, the debtor has not petitioned the Court for the appointment of Lindquist and Vennum as special counsel in this matter.

Upon motion by the debtor in possession, this Court has approved the employment of

Dewey Ballantine to represent the debtor in its action(s) against its former officers and directors. The extent to which Dewey Ballantine will be able to utilize the work performed by Lindquist and Vennum is presently unknown.

## II.

### DISCUSSION

■ Lindquist and Vennum seek compensation under section 331 [1] for work performed on behalf of the debtor in possession. Like section 330(a) [2], section 331 only allows the Court to approve compensation for persons whose employment was approved by the Court pursuant to sections 327 [3] or 1103 [4] of

---

1. 11 U.S.C. § 331 provides:

   A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement of expenses incurred before such date as is provided under section 330 of this title. After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement.
   11 U.S.C. § 331.

2. 11 U.S.C. § 330(a) provides:

   (a) After notice to any parties in interest and to the United States trustee and a hearing, and subject to sections 326, 328, and 329 of this title, the court may award to a trustee, to an examiner, to a professional person employed under section 327 or 1103 of this title, or to the debtor's attorney—
   (1) reasonable compensation for actual, necessary services rendered by such trustee, examiner, professional person, or attorney, as the case may be, and by any paraprofessional persons employed by such trustee, professional person, or attorney, as the case may be, based on the nature, the extent, and the value of such services, the time spent on such services, and the cost of comparable services other than in a case under this title; and
   (2) reimbursement for actual, necessary expenses.
   11 U.S.C. § 330(a)(1) and (2).

3. 11 U.S.C. § 327 provides in relevant part:

   (a) Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.
   *  *  *  *  *  *
   (c) In a case under chapter 7, 11 or 12 of this title, a person is not disqualified for employment under this section solely because of such person's employment by or representation of a creditor, unless there is objection by another creditor or the United States trustee,

employment if there is an actual conflict of interest.
   *  *  *  *  *  *
   (e) The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect the matter on which such attorney is to be employed.
   *  *  *  *  *  *
   11 U.S.C. § 327(a), (c) and (e).

4. 11 U.S.C. § 1103 provides in relevant part:

   (a) At a scheduled meeting of a committee appointed under section 1102 of this title, at which a majority of the members of such committee are present, and with the court's approval, such committee may select and authorize the employment by such committee of one or more attorneys, accountants, or other agents, to represent or perform services for such committee.
   (b) An attorney or accountant employed to represent a committee appointed under section 1102 of this title may not, while employed by such committee, represent any other entity having an adverse interest in connection with the case. Representation of one or more creditors of the same class as represented by the committee shall not per se constitute the representation of an adverse interest.
   (c) A committee appointed under section 1102 of this title may—
   (1) consult with the trustee or debtor in possession concerning the administration of the case;
   (2) investigate the acts, conduct, assets, liabilities, and financial condition of the debtor, the operation of the debtor's business and the desirability of the continuance of such business, and any other matter relevant to the case or to the formulation of a plan;
   (3) participate in the formulation of a plan, advise those represented by such committee of such committee's determinations as to any plan formulated, and collect and file with the court acceptances or rejection of a plan;
   (4) request the appointment of a trustee or examiner under section 1104 of this title; and
   (5) perform such other services as are in the interest of those represented.
   *  *  *  *  *  *

the Code. *See In re Willamette Timber Systems, Inc.*, 54 B.R. 485, 487 (Bankr.D.Or. 1985) (professionals may not receive fees for services rendered to the estate unless the professional has been authorized to serve by the court). The employment of Lindquist and Vennum and Elsaesser by the Creditors Committee has been approved by this Court pursuant to section 1103.

■ Counsel for the official unsecured creditors committee is entitled to compensation under sections 331 and 330(a) for services performed on behalf of the unsecured creditors committee which are (1) actual; (2) necessary; and (3) reasonable. *In re Pettibone Corp.*, 74 B.R. 293, 301 (Bankr.N.D.Ill. 1987). Services performed by counsel for a creditors committee are necessary, "if they are furtherance of the committee's duties under section 1103(c)." *In re Pettibone Corp.*, 74 B.R. at 308; *In re Moseley*, 149 B.R. 458, 459 (Bankr.W.D.Kentucky 1993); *In re Heck's Properties, Inc.*, 151 B.R. 739, 745–746 (Bankr.S.D.W.Va.1992); *In re Wire Cloth Products, Inc.*, 130 B.R. 798, 811–812 (Bankr.N.D.Ill.1991).

With the exception of the work preformed by Lindquist and Vennum in drafting the complaint against the former directors and officers of the debtor, the amounts requested are actual, necessary and reasonable. No objection has been made with respect to counsels' request for reimbursement of these amounts, therefore, the application of Elsaesser, and the undisputed portion of the application of Lindquist and Vennum will be granted.

The services of Lindquist and Vennum in investigating and drafting the complaint were preformed on behalf of the debtor, not the Creditors Committee. Lindquist and Vennum have never been appointed to represent the debtor in possession. Further, as section 1103(b) prohibits counsel for a creditors committee to represent any entity having an adverse interest to the creditors committee, it is doubtful that Lindquist and Vennum could be appointed to represent the debtor. The firm is not entitled to receive any compensation under sections 330(a) or 331 for representation of the debtor.

If Lindquist and Vennum had drafted the complaint as part of its duties in representing the Creditors Committee, then the actions taken by Lindquist and Vennum to investigate the debtor's claims against it's former directors might have been compensable as investigative actions taken by the Creditors Committee under section 1103(c)(2). However, due to the deletion of the descriptive portion of the bill, the amount of the disputed fees attributable to investigation of the debtor's claims cannot be determined. Nor has it been shown such services were performed for the Creditors Committee.

■ The actual preparation for, or prosecution of an adversary proceeding, however, is generally not within the duties of a creditor committee unless specifically authorized by the court. *In re Heck's Properties, Inc.*, 151 B.R. at 749. Accordingly, even assuming that Lindquist and Vennum had drafted the complaint on behalf of the Creditors Committee, this portion of the fees would not be compensable under sections 330(a) and 1103(c).

Therefore, as Lindquist and Vennum's services preformed in drafting the complaint and investigating the complaint were performed for the debtor post petition without Court authorization these fees cannot be allowed under sections 330(a) or 331.

■ However, the fact counsel is not entitled to compensation under sections 330(a) and 331 does not preclude the possibility compensation may be awarded under subsection 503(b)(1):

> (b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including—

>> (1)(A) the actual, necessary costs and expenses if preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the case.

> *     *     *     *     *     *

11 U.S.C. § 503(b)(1)(A).

■ Because there is not a full itemized description of the work performed in investigating and drafting the complaint in the rec-

ord, and because the extent to which Dewey Ballantine will utilize the work of Lindquist and Vennum is unknown at this time, the requested payment of fees and expenses cannot be granted pursuant to section 503(b)(1). However, Lindquist and Vennum will not be prejudiced if determination of whether the services are compensable under section 503(b)(1) is delayed as no interim compensation may be awarded under section 503(b)(1). Accordingly, Lindquist and Vennum's application for an order approving payment of its fees and expenses incurred in investigating and drafting the debtor's complaint will be denied without prejudice for a renewal of the application.

A separate order will be entered.