**In the Matter of S.W.G. REALTY ASSOCIATES, II, L.P.**

**No. CIV.A. 01–2180.**

United States District Court, E.D. Pennsylvania.

Aug. 8, 2001.

Stuart M. Brown, Magdeline D. Coleman, Buchanan Ingersoll Professional Corporation, Philadelphia, PA, for S.W.G. Realty Associates, II, L.P.

Joann Needleman, Needleman and Needleman, Philadelphia, PA, for Official Committee of Unsecured Creditors and Needleman & Needleman, P.C.

Dave Adams, Office of the U.S. Trustee, Philadelphia, PA, trustee, pro se.

### *MEMORANDUM*

ROBERT F. KELLY, District Judge.

Presently before this Court is an appeal from the Order of the United States Bankruptcy Court for the Eastern District of Pennsylvania ("Bankruptcy Court") dated April 2, 2001, which approved the application of Appellee, Needleman & Needleman, P.C. ("Needleman") for allowance of compensation under § 330 of the Bank-

ruptcy Code for the period of March 22, 2000 through February 19, 2001. For the reasons that follow, the Bankruptcy Court Order is affirmed.

## I. FACTS

On March 22, 2000, certain unsecured creditors commenced an involuntary Chapter 7 case against SWG Realty Associates, II, L.P. ("SWG") under Chapter 7 of Title 11 of the United States Code ("Bankruptcy Code") in the Bankruptcy Court. The Involuntary Petition was filed by Needleman on behalf of the creditors. On April 19, 2000, SWG filed a motion to convert the Chapter 7 case into a Chapter 11 case which was granted on May 22, 2000, effective May 24, 2000. On September 5, 2000, the United States Trustee appointed the Official Committee of Unsecured Creditors ("Creditors Committee"). On October 18, 2000 Needleman, on behalf of the Creditors Committee, filed an Application for Employment with the Bankruptcy Court. The Bankruptcy Court approved the Application for Employment *Nunc Pro Tunc* from the filing date of the Chapter 11 case by Order dated December 7, 2000. On February 8, 2001, an Order confirming SWG's reorganization plan was executed by all parties and signed by the Bankruptcy Court.

On February 22, 2001, Needleman filed an application for allowance of fees in connection with the representation of the Creditors Committee for the period of March 22, 2000 through February 19, 2001, in the amount of $15,548.90 ("Fee Application"). SWG objected to the Fee Application. On April 2, 2001, a hearing was held in front of the Bankruptcy Court regarding the objections to the Fee Application. At the April 2, 2001 hearing, Needleman withdrew its request for expenses and the Bankruptcy Court entered an Order allowing the fees requested by Needleman in

the amount of $15,548.90. On April 9, 2001, SWG filed a Notice of Appeal of the April 2, 2001 Order with the Bankruptcy Court.

## II. STANDARD

■ "[I]n bankruptcy cases, the district court sits as an appellate court." *See In re Cohn*, 54 F.3d 1108, 1113 (3d Cir. 1995); *see also* 28 U.S.C. § 158(a). The district court reviews bankruptcy court fee awards for abuse of discretion. *Zolfo, Cooper & Co. v. Sunbeam–Oster Co., Inc.*, 50 F.3d 253, 257 (3d Cir.1995). An abuse of discretion "can occur 'if the judge fails to apply the proper legal standard or to follow proper procedures in making the determination, or bases an award upon findings of fact that are clearly erroneous.'" *Id.* at 257 (citations omitted). "The district court applies 'a clearly erroneous standard to findings of fact ... [and] a de novo standard of review to questions of law.'" *Mfrs. Alliance Ins. Co. v. Satriale (In re Allentown Moving & Storage)*, 214 B.R. 761, 763 (E.D.Pa.1997) (citations omitted); *see* FED. R. BANKR.P. 8013.

## III. DISCUSSION

■ SWG raises three issues on appeal:

(1) when the Bankruptcy Court entered the April 2, 2001 Order approving Needleman's fees for the period of March 22, 2000 through February 19, 2001, in the amount of $15,548.90, did the Bankruptcy Court err as a mater of law in allowing Needleman to receive compensation for services that were not rendered to the Creditors Committee;

(2) when the Bankruptcy Court found that Needleman was appointed as counsel for the Creditors Committee *Nunc Pro Tunc* from the date of the Chapter 11 bankruptcy, did the Bankruptcy Court err as a matter of law in allowing Needleman

to receive compensation for services rendered prior to the date the Creditors Committee was appointed; and

(3) when the Bankruptcy Court found that Needleman was appointed as counsel for the Creditors Committee *Nunc Pro Tunc* from the date of the Chapter 11 bankruptcy, did the Bankruptcy Court err as a matter of law in allowing Needleman to receive compensation under § 330 of the Bankruptcy Code for services rendered prior to the date it was appointed as counsel for the Creditors Committee?

### A. The Bankruptcy Court Did Not Err as a Mater of Law in Allowing Needleman to Receive Compensation for Services that Were Not Rendered to the Creditors Committee.

██ Under 11 U.S.C. § 330(a)(1), the court may award fees to an attorney employed by the Creditors Committee which amount to "(A) reasonable compensation for actual, necessary services rendered by the ... attorney ... and (B) reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). 11 U.S.C. § 330(a)(3)(A) further states that:

In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—

(A) the time spent on such services;

(B) the rates charged for such services;

(C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title [11 U.S.C. §§ 101 et seq.];

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity,

importance, and nature of the problem, issue, or task addressed; and

(E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title [11 U.S.C. §§ 101 et seq.].

11 U.S.C. § 330(a)(3)(A). However, under 11 U.S.C. § 330(a)(4)(A) "the court shall not allow compensation for (i) unnecessary duplication of services; or (ii) services that were not (I) reasonably likely to benefit the debtor's estate; or (II) necessary to the administration of the case." 11 U.S.C. § 330(a)(4)(A). Only services that are reasonably likely to benefit the debtor's estate are compensable. *In re Top Grade Sausage, Inc.*, 227 F.3d 123, 131–132 (3d Cir. 2000).

SWG argues that § 330 of the Bankruptcy Code only contemplates the payment of fees for services rendered to the Creditors Committee in connection with the performance of the Committee's functions. In support of this proposition, SWG sites various cases from the District Court of the Northern District of Illinois and of the District of Idaho. *See In re Lifschultz Fast Freight, Inc.*, 140 B.R. 482 (Bankr. N.D.Ill.1992); *In re Gulf USA Corp.*, 171 B.R. 379 (Bankr.D.Idaho 1994). SWG further argues that almost half of the fees requested were for services not rendered to the Creditors Committee, but were instead rendered to the individual creditors and therefore, the Bankruptcy Court erred when it allowed these fees.

██ Needleman argues that in the Court of Appeals for the Third Circuit and under § 330 of the Bankruptcy Code, the test is not whether the services rendered were for the benefit of the Creditors Committee, but rather whether the services rendered were for the benefit of the estate. *In re Top Grade Sausage, Inc.*, 227

F.3d 123, 131–132; 11 U.S.C. § 300. Needleman argues that all of the approved fees were for necessary services which benefitted the estate as a whole. Needleman points out that it was Needleman who initiated the bankruptcy proceedings and that had it not been for Needleman, no creditor would have received relief. Needleman argues that all of its actions were for the benefit of the estate. We agree with Needleman and the Bankruptcy Court and we find that the Bankruptcy Court did not abuse its discretion when it allowed these fees. Therefore, relief will not be granted in favor of SWG on this argument.

**B. The Bankruptcy Court Did Not Err as a Matter of Law in Allowing Needleman to Receive Compensation for Services (1) Rendered Prior to the Date the Creditors Committee Was Appointed and (2) Prior to the Date Needleman Was Appointed as Counsel for the Creditors Committee.**

SWG argues that the Bankruptcy Court erred when it approved fees for services rendered by Needleman prior to the date the Creditors Committee was appointed and prior to the date Needleman was appointed counsel for the Creditors Committee. SWG argues that prior to the formation of the Creditors Committee, the Committee had no statutory duties to perform, and therefore, the services performed by Needleman were not necessary for the fulfillment of the Creditors Committee's duties. As stated above, Needleman's services were for the benefit of the estate and thus were compensable. Furthermore, as discussed below, because of the *Nunc Pro Tunc* language in the Order appointing Needleman as counsel, the Order was retroactive to the filing date of the Chapter 11 case which predated both

the appointment of the Creditors Committee and the appointment of Needleman as counsel. Therefore, fees for beneficial services earned before the Creditors Committee was appointed or Needleman was appointed as counsel were compensable.

SWG further argues that although the Order appointing Needleman as counsel stated that Needleman was appointed counsel *Nunc Pro Tunc* from the filing date, the filing date at issue was the date of Needleman's application for appointment as counsel rather than the filing date of the Chapter 11 case. The Bankruptcy Court, under a plain reading of the Order at issue, held that Needleman was appointed counsel *Nunc Pro Tunc* from the filing date of the Chapter 11 case. We agree with this plain reading of the Order.

SWG relies on *Matter of Arkansas*, 798 F.2d 645 (1986) for the proposition that, before approving the fees on April 2, 2001, the Bankruptcy Court should have reviewed the December 7, 2000 Order approving Needleman's appointment as counsel *Nunc Pro Tunc* for evidence of extraordinary circumstances. In *Matter of Arkansas*, the court held that "retroactive approval of appointment of a professional may be granted by the bankruptcy court in its discretion but that it should grant such approval only under extraordinary circumstances." *Id.* at 650.

However, as Needleman points out, in *Matter of Arkansas*, the issue was whether the employment application was retroactive, whereas at the April 2, 2001 hearing on fees in this case, the issue concerned the appropriateness of fees based upon the earlier Order approving Needleman's employment which SWG had already agreed to and did not object to the *Nunc Pro Tunc* language in the Order at that time. Here, unlike in *Matter of Arkansas*, the Bankruptcy Court had already ruled on

the appropriateness of the *Nunc Pro Tunc* language in the Employment Application before ruling on the Fee Application. The Bankruptcy Court did not abuse its discretion by authorizing fees based on the prior December 7, 2000 Order approving Needleman's appointment as counsel from the filing of the Chapter 11 case.

■ Lastly, SWG argues that Needleman should have applied for their fees under either 11 U.S.C. § 503(b)(3)(A), § 503(b)(3)(D) or § 503(b)(4) and not under 11 U.S.C. § 330.[1] We find SWG's argument unconvincing. We agree with the Bankruptcy Court that the services provided by Needleman were not duplicative, were reasonably likely to benefit the debtor's estate and were necessary to the administration of the case. Therefore, reasonable compensation for the actual, necessary services rendered by Needleman was appropriate under § 330 of the Bankruptcy Code. 11 U.S.C. § 330(a).

We hold that the Bankruptcy Court did not abuse its discretion when it approved Needleman's fees. Therefore, we will affirm the Bankruptcy Court's April 2, 2001 Order.

An appropriate Order follows.

1. The relevant text of 11 U.S.C. § 503(b) is as follows:

(b) After notice and a hearing, there shall be allowed, administrative expenses, other than claims allowed under section 502(f) of this title, including—

   (3) the actual, necessary expenses, other than compensation and reimbursement specified in paragraph (4) of this subsection, incurred by—

      (A) a creditor that files a petition under section 303 of this title;

      (D) a creditor, an indenture trustee, an equity security holder, or a committee representing creditors or equity security

holders other than a committee appointed under section 1102 of this title, in making a substantial contribution in a case under chapter 9 or 11 of this title;

   (4) reasonable compensation for professional services rendered by an attorney or an accountant of an entity whose expense is allowable under paragraph (3) of this subsection, based on the time, the nature, the extent, and the value of such services, and the cost of comparable services other than in a case under this title, and reimbursement for actual, necessary expenses incurred by such attorney or accountant.

11 U.S.C. § 503(b).